**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Xavier COBBLAH, also known as Basheer, also known as Vivi, also known as Xavier Richter, Defendant–Appellant.**

No. 96–1191.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 6, 1996.

Decided July 1, 1997.

James A. Wright (argued), Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Standish E. Willis (argued), Chicago, IL, for Defendant–Appellant.

Before CUMMINGS, RIPPLE and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Xavier Cobblah was convicted, pursuant to his plea of guilty, of one count of conspiracy

to possess with intent to distribute heroin. *See* 21 U.S.C. § 846. The district court imposed a sentence that included the statutory mandatory minimum term of imprisonment of 120 months. In this direct appeal, Mr. Cobblah now contends that the district court committed reversible error during the sentencing process. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

## I

## BACKGROUND

Xavier Cobblah was arrested on August 10, 1994 as he left the hotel room of a confidential informant. At the time of his arrest, he was carrying two suitcases with heroin sewn in the linings. Shortly thereafter, he gave a written statement and agreed to cooperate with the government. He later gave two formal proffers to the government. Under the terms of these proffer agreements, Mr. Cobblah was required to provide the government with a completely truthful statement of his activities. In return, Mr. Cobblah understood that the government would move for a downward departure of one-third off the minimum of the base offense level. The agreements further provided that, in the event of his prosecution, statements made during the proffer would not be used against him in the government's case-in-chief or in the aggravation of his sentence. On the other hand, if Mr. Cobblah testified contrary to the substance of the proffer or otherwise took a position inconsistent with the proffer, the government was free to use the substance of the proffer for any purpose at sentencing.

In the proffer interviews, Mr. Cobblah said that Naveed, a person who had offered to help finance Mr. Cobblah's beauty shop in California, had asked Mr. Cobblah to pick up some bags for him at a hotel. Mr. Cobblah maintained that he did not know that the bags he was to pick up contained heroin until he met with the confidential informant. He denied any previous involvement in narcotics trafficking. He further cooperated in the investigation of the conspiracy by making recorded phone calls to Naveed and meeting with Naveed's contact in the United States, Khan.[1] The meeting took place in a surveilled hotel room. Mr. Cobblah delivered three plastic bags of a white powdery substance weighing about 3,000 grams; Khan then was arrested. Additionally, Mr. Cobblah offered to set up a number of 100 to 200 gram heroin purchases if the agents would return his phone book.

Mr. Cobblah was eventually indicted by the grand jury in a two-count indictment. The first count charged him with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846; the second count charged him with possession with intent to distribute heroin in violation of 21 U.S.C. § 841. He entered into a written plea agreement with the government and, pursuant to its terms, pleaded guilty to the first count.

## II

## DISCUSSION

▆▆▆ The standards of review that govern our review of sentencing matters are well established. We review the findings of fact of the district court for clear error. Interpretations of the sentencing guidelines are questions of law, and our review is de novo. *See United States v. Young*, 34 F.3d 500, 504 (7th Cir.1994).

## A.

Mr. Cobblah first contends that the district court erred in its failure to impose a sentence below the statutory mandatory minimum sentence. He submits that he is eligible for such treatment under the so-called "safety valve" provision of U.S.S.G. § 5C1.2.[2] *See*

---

1. Naveed operated his drug business out of Pakistan.

2. § 5C1.2. *Limitation on Applicability of Statutory Minimum Sentences in Certain Cases*
   In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or §963, the court shall

impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–(5) set forth verbatim below:

*United States v. Ramirez*, 94 F.3d 1095, 1099 (7th Cir.1996). The district court refused to sentence him under this provision because it determined that Mr. Cobblah had failed to meet the fifth criterion of supplying the government with a truthful statement of "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." Mr. Cobblah advances two arguments. He submits first that the government ought not to have been permitted to rely on the proffered statements to establish his ineligibility at sentencing. He also claims that the statements, when viewed in their totality, were not untruthful.

█ We cannot accept the contention that the district court erred in permitting the government to use the statements of Mr. Cobblah to establish his ineligibility for sentencing under U.S.S.G. § 5C1.2. Section 1B1.8(a) provides that when the government agrees, as part of a cooperation agreement, not to use self-incriminating information provided pursuant to the agreement against the defendant, "then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement." U.S.S.G. § 1B1.8(a). We therefore must turn to the terms of the proffer agreements to determine whether it was proper to use Mr. Cobblah's proffer statements. As a contract, a proffer agreement must be enforced according to its terms. It is the language of the contract that binds the parties. *United States v. Griffin*, 84 F.3d 912, 919 (7th Cir.), *cert. denied*, ── U.S. ──, 117 S.Ct. 495, 136 L.Ed.2d 387 (1996); see also *United States v. Dortch*, 5 F.3d 1056, 1068 (7th Cir.1993) (holding that the defendant had waived his objection to government's use of proffered statements when proffer agreement allows such use), *cert. denied*, 510 U.S. 1121, 114 S.Ct. 1077, 127 L.Ed.2d 394 (1994). Here, the contract made clear that Mr. Cobblah was obliged to give a statement that was entirely truthful. It further provided that, if he ever testified contrary to the statement or "otherwise present[ed] a position inconsistent with the proffer," the government had the right to use the statement "at sentencing for any purpose." Given this wording, the government was certainly within its rights to use the statement for the sole purpose of showing that his cooperation was untruthful or incomplete and that he was therefore not eligible for exemption from the statutory mandatory minimum.

█ Nor can we say that the district court erred in its determination that the government had established, by a preponderance of the evidence, that the defendant did know of Naveed's narcotics operation and therefore was less than truthful in his contrary assertion in the proffer statements. The parties are in agreement that Mr. Cobblah maintained in his proffer statements that he did not know that the suitcases contained heroin until he arrived at the hotel to pick them up. He also denied any prior knowledge of Naveed's narcotics operation. On the record presented to us by the parties, we cannot say that the district court committed clear error in determining that the proffer statements did not reflect the true measure of his involvement in the narcotics activity under investigation.

### B.

█ Given the district court's view that Mr. Cobblah had more extensive involvement

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

in Naveed's drug activities, the court was also correct in its decision that it did not have the authority to depart downward from the applicable guideline on the ground that Mr. Cobblah's offense constituted aberrant behavior. *See United States v. Andruska*, 964 F.2d 640, 645–46 (7th Cir.1992).

 Nor can we fault the district court for its decision that Mr. Cobblah was not eligible to be treated as a minimal participant under U.S.S.G. § 3B1.2. Mr. Cobblah contended at sentencing that he was a one-time courier and among the least culpable of those involved in the concerted activity. *See* U.S.S.G. § 3B1.2, comment. (n.1). He argues that he lacked knowledge of the scope and structure of the enterprise.

We believe that the district court properly determined that Mr. Cobblah ought not be treated as a minimal or even a minor participant. As the district court noted, he was charged with a conspiracy to possess with intent to distribute the drugs that he picked up from the confidential informant on a specific day. He was not charged with being a member of a larger ongoing conspiracy, nor was he held accountable for drug quantities beyond that which he picked up on that single day. He was not, therefore, a minimal or even a minor participant with respect to the crime for which he is being held accountable. *See United States v. Burnett*, 66 F.3d 137, 140 (7th Cir.1995) ("When a courier is held accountable for only the amounts he carries, he plays a significant rather than a minor role in *that* offense." (emphasis in original)).

### C.

Finally, Mr. Cobblah submits that it was plain error for the district court to calculate the sentence on the basis of 2,484 grams of heroin. He relies on the evidence of telephone conversations surrounding the transaction that, he contends, make it clear that he intended to pick up one bag, not two. We cannot say that the district court committed clear error in this regard. The evidence shows no unwillingness on the part of Mr. Cobblah to take two bags rather than one. Indeed, it shows no concern at all with the precise amount of heroin he received.

### Conclusion

Because the record before us discloses no error warranting reversal of the sentence imposed, we must affirm the judgment of the district court.

AFFIRMED.