129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Petitioner-Appellee,
v.
Michael A. MOORE, Respondent-Appellant.
 No. 97-2245.
 United States Court of Appeals, Seventh Circuit.
 Oct. 20, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin No. 96-CR-77-C-02 Barbara B. Crabb, Judge.
 Before ESCHBACH, EASTERBROOK and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Michael Moore pleaded guilty to conspiring to distribute cocaine base in violation of 21 U.S.C. § 846. At sentencing, he urged the district court to grant him a two-level downward departure for being a "minor participant" in the crime, under U.S.S.G. § 3B1.2(b). The judge found that he did not qualify for the reduction, both because his sentence was based only on the amount of cocaine base that he personally had handled, and because the other circumstances of his involvement in the conspiracy persuaded her that he did not qualify for it. She accordingly sentenced him to 55 months' imprisonment and three years of supervised release, along with a $100 penalty. Moore appealed, raising only the judge's refusal to grant the "minor participant" downward departure as a ground for relief. At oral argument, we affirmed the district court's judgment from the bench. This order provides the promised explanation for that action.
 
 
 2
 Moore became involved in a broader conspiracy to distribute cocaine in September 1996. He and his co-conspirators distributed both marijuana and crack cocaine in several towns in northern Wisconsin. The key dates, from Moore's point of view, were from October 9, 1996, through October 18, 1996, the period during which the 2.7 grams of crack cocaine for which he was sentenced were distributed. On October 9, Moore and Lawrence London drove Rebecca Pawlak to Rhinelander, Wisconsin, and supplied her with $900 worth of crack cocaine. Within a day, she contacted London to let him know that she had sold her entire supply and was ready for re-stocking. London and Moore delivered another $900 worth to her; Pawlak paid Moore $600 for the first batch, and Moore returned to Chicago. Shortly thereafter, London and Pawlak were arrested and charged with illegal drug trafficking.
 
 
 3
 In an attempt to collect money from Pawlak for the second batch of cocaine, the unsuspecting Moore telephoned another co-conspirator, Christy Summers, on October 18, 1996. Moore told Summers that Pawlak owed him $800 to $1,000, and that he was prepared to come to Rhinelander and "blow off some heads" if he did not get his money. Summers contacted the police, who assisted her in tape recording several subsequent calls from Moore. Not long afterwards, Moore was indicted and a warrant was issued for his arrest. He was arrested on November 21, 1996. As noted, he pleaded guilty to one count of conspiracy to distribute cocaine base, and he reserved the right to appeal the sentence imposed.
 
 
 4
 For purposes of sentencing, Moore stipulated that the government could establish that he was involved with approximately 2.7 grams of crack cocaine during his two trips to Rhinelander. Looking only at that amount, the district court set his base offense level at 20 under the Sentencing Guidelines and gave him a three-level downward departure under U.S.S.G. § 3E1.1(b) for acceptance of responsibility. The judge found as a matter of fact that Moore was not a minor participant, noting that "he was pretty well up in the chain when he came in." With his criminal history of V, she sentenced him to 55 months, near the top of the guideline range of 46-57 months.
 
 
 5
 The question whether a defendant qualifies as a minor participant is one of fact, United States v. Soto, 48 F.3d 1415, 1423 (7th Cir.1995), and we therefore review the district court's finding only for clear error. United States v. Tanksley, 104 F.3d 924, 926 (7th Cir.1997); United States v. Cobblah, 118 F.3d 549, 550 (7th Cir.1997). The defendant has the burden of demonstrating by a preponderance of the evidence that he is entitled to the two-level reduction of § 3B1.2(b), which he can satisfy only by showing that he was substantially less culpable than most of the other participants. United States v. Green, 114 F.3d 613, 619 (7th Cir.1997); see also U.S.S.G. § 3B1.2(b), application note 3. As we have repeatedly held, the relevant inquiry is whether the defendant was a minor participant in the crime for which he was convicted, not whether he was a minor participant in some broader conspiracy that may have surrounded it. United States v. Burnett, 66 F.3d 137, 140 (7th Cir.1995).
 
 
 6
 Here, Moore was sentenced only for the specific conduct in which he engaged: the distribution of 2.7 grams of crack cocaine. Almost by definition, he was not a minor participant with respect to this action. See Cobblah, 118 F.3d at 552; United States v. Lampkins, 47 F.3d 175, 181 (7th Cir.) ("[I]t makes no sense that one is a minor participant in one's own conduct."), cert. denied, 514 U.S. 1055 (1995). Furthermore, nothing suggests that the district court's findings of fact were erroneous, much less clearly so. The court commented at the sentencing hearing that Moore's conduct "was quite limited in duration, but he went into this hook, line and sinker, wholeheartedly. He was involved." The judge went on to single out his less-than-gentle collection effort, his expression of a threat, and his willingness to become involved. In the face of his own stipulation to the 2.7 grams of crack cocaine and these findings of the court, Moore's challenge to his sentence was doomed.
 
 
 7
 The judgment of the district court is AFFIRMED.