139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lajail BERRY, Defendant-Appellant.
 No. 97-3191.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998.
Decided Feb. 10, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 4:96CR40071-005.
 Before BAUER, COFFEY, and MANION, Circuit Judges.
 
 ORDER
 
 1
 GILBERT, Chief J.
 
 
 2
 Lajail Berry pleaded guilty to one count of conspiring to distribute and possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846 and one count of distribution and possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Berry's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Berry was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), which he has not done. Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief and supplement to the brief.[1] United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996); United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 3
 The Federal Bureau of Investigation (FBI) began an investigation in May 1996 into a drug distribution network in Carbondale, Illinois. The FBI learned that Berry and a co-defendant, Eric Lee, were major suppliers of crack cocaine in the Carbondale area. Starting sometime in 1994, Berry obtained crack cocaine from sources in Blytheville, Arkansas, and then sold various size "rocks" of crack cocaine to individuals in Carbondale. The Presentence Investigation Report (PSR) estimated Berry's relevant conduct at 279.65 grams of crack cocaine based on amounts that Lonnie McKinnie, a co-defendant, stated that Berry had "fronted" him or had sold to him between 1994 and 1996. The PSR indicated that, based on the amount of relevant conduct, Berry's base offense level would be 34 under § 2D1 .1 of the 1995 version of the Sentencing Guidelines. The PSR recommended that his base offense level be reduced three levels for acceptance of responsibility. Accordingly, with a base offense level of 31 and a Criminal History Category of I, the Guidelines provided for a range of imprisonment of 108 to 135 months, with a statutory minimum of 120 months.
 
 
 4
 Berry filed an objection to the PSR, asserting that he did not agree with the amount of relevant conduct being attributed to him, but offering no evidence contradicting that in the PSR. At the sentencing hearing, the judge stated that the objection regarding relevant conduct was not specific enough and that Berry's position on the issue could affect any reduction for acceptance of responsibility. See Sentencing Tr. at 3. Berry's counsel stated that he agreed with the court and noted that, during a discussion with the government after the objection to the PSR had been filed, Berry had "essentially corroborated not exactly what was in the Presentence Investigation Report, but the amounts that he admitted to are something that ... would not affect his relevant conduct, so I'm not going to argue at all on his relevant conduct." Id. Berry and his counsel ultimately agreed that the relevant conduct was between 150 and 500 grams, specifically approximately 280 grams, of crack cocaine. Id. at 4. Accordingly, the district court overruled Berry's objection to the PSR.
 
 
 5
 Counsel then raised the argument that Berry was eligible for a reduction under the "safety valve" provision of the Guidelines.[2] Section 5C1.2 of the Guidelines states:
 
 
 6
 In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:
 
 
 7
 (1) the defendant does not have more than one criminal history point, as determined under the sentencing guidelines;
 
 
 8
 (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
 
 
 9
 (3) the offense did not result in death or serious bodily injury o any person;
 
 
 10
 (4) the defendant was not an organizer, leader, manager, or supervisor in the offense, as determined under the sentencing guidelines and was not engaged in a continuous criminal enterprise, as defined in 21 U.S.C. § 848; and
 
 
 11
 (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or other useful other information to provide or the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 
 
 12
 The court concluded that Berry did not qualify for the provision because, as required under § 5C1.2(5), he had not truthfully provided all information and evidence to the government. The court then adopted the PSR in its entirety and sentenced Berry to a prison term of 126 months on the two counts to run concurrently, a $500 fine, a $200 special assessment, and a term of supervised release of five years on Count I and three years on Count II, to run consecutively.
 
 
 13
 Counsel asserts two possible arguments on appeal. First, he argues that Berry could assert that the district court erred in concluding that Berry was not eligible for a reduction in his sentence pursuant to § 5C1.2, but concludes that such an argument would be frivolous. We agree. This court reviews a sentencing court's determination as to whether a defendant qualifies for the "safety valve" provision for clear error. See United States v. Ramunno, No. 97-2132, 1998 WL 3356, at * 7 (7th Cir. Jan.7, 1998). During the sentencing hearing, the government asserted that Berry did not qualify for any possible reduction under § 5C1.2. The government stated that during the proffer with the government, Berry denied receiving crack cocaine in Arkansas, and refused to give up any sources there; however, his co-defendant, McKinnie, stipulated that he and Berry had driven to Arkansas on several occasions to buy crack cocaine, and that other sources corroborate this fact. When the government asked Berry to give up customers to whom he had sold crack cocaine, he named only the co-defendant McKinnie and another confidential informant. The government argued that it was not believable "by any stretch of the imagination" that Berry, who had admitted at the sentencing hearing that he was responsible for having sold over 280 grams of crack cocaine, had sold cocaine to only two people. The government also noted that Berry had denied knowing numerous individuals who had stated that they had been involved in drug transactions with Berry. The defendant bears the burden of proving his entitlement to the safety-valve reduction. See United States v. Ramirez, 94 F.3d 1095, 1099-1101 (7th Cir.1996). Berry did not satisfy this burden and we would conclude that the district court did not clearly err in rejecting Berry's attempt to benefit from § 5C1.2. See Ramunno, 133 F.3d 476, 1998 WL 3356, at * 7. Thus, an argument based on this ground would be frivolous.
 
 
 14
 Counsel next asserts that Berry could argue that the district court erred in failing to reduce Berry's sentence for being a minimal or minor participant under U.S.S.G. § 3B1.2. Because Berry did not raise this argument before the district court, it has been waived and our review would be for plain error. See United States v. Burke, 125 F.3d 401, 405 (7th Cir.1997). The district court did not plainly err in failing to reduce Berry's sentence for being a minimal or minor participant. Application Note 1 to § 3B1.2 states that the minimal role reduction applies to those "who are plainly among the least culpable of those involved in the conduct of a group ." Application Note 2 indicates that the minimal participant reduction is to be applied "infrequently" and would be appropriate for someone who has "offload[ed] part of a single marihuana shipment" in a large drug smuggling operation or acted as a courier on a "single smuggling transaction involving a small amount of drugs." See U.S.S.G. § 3B1.2, comment. (notes 1 and 3). Berry's participation was far more involved than these examples indicate; thus, he would not be eligible for the minimal participant reduction.
 
 
 15
 A minor participant "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. note 3. The PSR states that Berry and co-defendant Lee were "major suppliers of crack cocaine in the Carbondale, Illinois area," PSR at p 12, and that co-defendant McKinnie had sold crack cocaine for Berry in Carbondale. Id. at 16. Further, Berry admitted during sentencing that he was responsible for having sold approximately 280 grams of crack cocaine between 1994 and 1996. These facts are not consistent with a minor role. In any event, Berry only was held accountable for drug quantities directly attributable to him; thus negating any argument that he would be a minor participant. See United States v. Cobblah, 118 F.3d 549, 552 (7th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 638, 139 L.Ed.2d 616 (1997); United States v. Lampkins, 47 F.3d 175, 181 (7th Cir .1995) ("[I]t makes no sense that one is a minor participant in one's own conduct").
 
 
 16
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.
 
 
 
 [1]
 Upon filing his initial brief, counsel failed to include the sentencing transcript in the record on appeal. Upon order of this court, counsel has supplemented the record on appeal with the sentencing transcript and has filed a supplement to his brief
 
 
 [2]
 According to counsel, Berry met with authorities after the objections to the PSR had been filed in an effort to make himself eligible for a reduction in sentence under U.S.S.G. § 5C1.2