UNITED STATES of America, Plaintiff–Appellee,

v.

Willie P. COLEMAN, Defendant–Appellant.

No. 97–4206.

United States Court of Appeals, Seventh Circuit.

Argued May 14, 1998.

Decided July 16, 1998.

Rehearing Denied Aug. 17, 1998.

Thomas P. Schneider, Carol L. Kraft (argued), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Jonathan C. Smith, Milwaukee, WI, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.

BAUER, Circuit Judge.

On appeal, Willie P. Coleman challenges his conviction for six counts of cocaine distribution, in violation of 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 842(a)(1), and 843(b); and 21 U.S.C. § 853. For the reasons set forth below, we affirm.

## BACKGROUND

On March 5, 1997, Agent Tina Virgil of the Wisconsin Department of Justice, Division of Narcotics Enforcement ("DNE") obtained a search warrant for Coleman's residence. The DNE had been investigating Coleman for approximately two years in connection with drug trafficking activities. At around 10:00 a.m. on March 5, DNE agents followed Coleman fourteen blocks to his business address, at which point they identified themselves, handcuffed him, and took him back to his residence. While other agents searched his home, Officer Virgil and her partner detained Coleman, read him *Miranda* warnings, and procured statements from him. Coleman directed agents to a gun and money in his bedroom, and stated that the $49,000 in cash were the proceeds of cocaine sales. During the search a total of 1,370 grams of cocaine and various drug paraphernalia were found throughout his residence.

On March 14, 1997, Coleman was charged in a criminal complaint with knowingly and intentionally possessing with intent to distribute or dispense in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). On April 8, 1997, a federal grand jury returned a one count indictment charging that Coleman did knowingly and intentionally distribute a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The indictment contained a forfeiture provision under 21 U.S.C. § 853 seeking the forfeiture of $49,162 in United States currency.

On May 28, 1997, the grand jury issued a six count superseding indictment, charging five additional counts. Counts Two, Three, and Four charged Coleman with knowingly and intentionally using a communication device in facilitating the commission of an act constituting a felony (distribution of cocaine), in violation of 21 U.S.C. § 843(b); Count Five charged Coleman with knowingly and intentionally distributing a mixture containing cocaine, in violation of 21 U.S.C. § 842(a)(1) and 18 U.S.C. § 2; and Count Six charged Coleman with knowingly and intentionally possessing with intent to distribute a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Coleman filed various pretrial motions, including a Motion to Dismiss for Lack of Probable Cause to Support Warrantless Arrest, a Motion to Suppress Statements, and a Motion to Suppress Evidence and Statements. United States District Court Judge Rudolph T. Randa issued a decision on July 17, 1997, denying all of Coleman's motions.

Coleman entered a conditional plea of guilty to all six counts in the superseding indictment and agreed to the forfeiture provision. On December 12, 1997, he was sentenced by Judge Randa to 135 months in prison on Counts One, Five, and Six, and to 48 months in prison on Counts Two, Three and Four, with all sentences to be served concurrently. Judge Randa also ordered a five year period of supervised release on Counts One, Five, and Six, and a one year period of supervised release on Counts Two, Three, and Four, with all terms to run concurrently, for a total of five years of supervised release. The court also ordered a fine of $3,000, a special assessment of $600, and the forfeiture of $49,162. Coleman filed a timely notice of appeal.

## ANALYSIS

Coleman advances several arguments to this court. He claims that the district court erred in denying his three pretrial motions, in allowing the government to use his proffer for purposes of determining relevant conduct at sentencing, and in attributing a weapons enhancement to him under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1).[1]

---

1. Appellant's counsel was smart to abandon his    position at oral argument that the district court

Coleman first contends that the district court erred in denying his request for an evidentiary hearing on the search warrant for his house. In support of his motion to suppress evidence resulting from the search, he argues that an evidentiary hearing was necessary because the facts available to him at the time were limited. We believe the district court correctly denied Coleman's request for an evidentiary hearing.

▉ Evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief. *United States v. Woods*, 995 F.2d 713, 715 (7th Cir.1993) ("A trial court is required to grant a suppression hearing only when a defendant presents facts justifying relief."); *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir.1986). Evidentiary hearings are warranted only when the allegations and moving papers are sufficiently definite, specific and non-conjectural and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion. *United States v. Rollins*, 862 F.2d 1282 (7th Cir.), *cert. denied*, 490 U.S. 1074, 109 S.Ct. 2084, 104 L.Ed.2d 648 (1989).

▉ Coleman has raised no facts which justify relief. Rather, he simply states that the testimony in support of the search warrant was insufficient, inaccurate, and stale. Coleman fails to indicate how an evidentiary hearing on a motion to suppress evidence from the resulting search would affect the outcome of his case. With nothing less conclusory to go on, we cannot say that an evidentiary hearing was necessary. *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir.1992) (reliance on vague, conclusory allegations is insufficient to warrant a suppression hearing).

Coleman also argues that the search warrant was invalid, and that the lower court therefore erred in refusing to suppress all the evidence seized pursuant to the search of his house, as well as the statements and other evidence resulting therefrom. He states that there was no evidence to link contraband to his house and that a warrant should not have issued.

▉ We review *de novo* the district court's determination that probable cause existed to issue the warrant. *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Hunter*, 86 F.3d 679, 681 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 443, 136 L.Ed.2d 339 (1996). In doing so, however, we take care "both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas*, 517 U.S. at 699, 116 S.Ct. 1657.

▉ We believe that the district court properly examined the information provided in the testimony in support of the warrant and correctly found that it set forth probable cause to believe that the items sought would be found in Coleman's home. Agent Virgil presented evidence from a confidential informant who witnessed Coleman selling cocaine in multiple ounce quantities to other individuals in January 1996. She also testified that in March of 1996, agents from her department received information from other informants that Coleman was again involved in trafficking multiple ounces of cocaine. In that same month, agents recorded conversations between Coleman and an informant. In August of 1996, another informant provided law enforcement officers with specific information about Coleman, his activities, and his current address. On March 4, 1997, Agent Virgil conducted a trash pick-up from Coleman's residence and recovered brown "tape-like" paper used to wrap kilogram quantities of cocaine, as well as corner cuts from plastic baggies and a white paper residue. A field test on these items revealed the presence of cocaine. Agent Virgil also recovered several magazines from the trash bear-

---

erred in not dismissing the indictment on the ground of lack of probable cause for arrest. The indictment was properly preserved in this case. The law is clear that even "an illegal arrest without more can never be the basis for the dismissal of an indictment." *New York v. Harris*, 495 U.S. 14, 18, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990).

ing Coleman's name and address. This evidence was more than ample to support the magistrate's finding that probable cause existed for issuing the search warrant of Coleman's residence. A fact-finder must focus on the totality of the facts presented; there was ample evidence to support the magistrate's issuance of the warrant in this case.

Coleman next contends that the statements he gave to Agent Virgil while she and other agents were searching his home should have been suppressed as being "fruits of the poisonous tree." He argues that he was illegally detained outside of his place of business and that therefore the statements he gave to the agents later in time,.at his residence, were inadmissible. Because Coleman was lawfully detained at the time he made the statements in question, the lower court was correct in finding them admissible.

Coleman next contends that the lower court erred in allowing the government to use his proffer for the purposes of determining his relevant conduct at sentencing. Because the proffer is silent on sentencing, Coleman claims that the government's use of it at sentencing violated the terms of the agreement. The district court did not err, however, in allowing the government to use Coleman's proffer for three reasons. First, because Coleman declined to work with the government, the plea agreement was never in effect and thus the proffer was not binding. *See United States v. Cobblah*, 118 F.3d 549, 551 (7th Cir.), *cert. denied*, 118 S.Ct. 638, 139 L.Ed.2d 616 (1997) (proffer agreements are contracts that must be enforced according to its terms to be enforceable). Second, even if the proffer were in effect, Coleman violated its terms. According to the agreement, "... in the event that any information is presented either to the court or a jury in this case by, or on behalf of your client, and such information contradicts statements made by your client during the anticipated interview, then the government will be free to use any such statements against your client." Coleman presented contradictory testimony regarding the amount of cocaine attributed to him. As such, he violated the terms of the agreement, thereby making it unenforceable. *See Cobblah*, 118 F.3d at 551.

Third, evidence independent of the proffer existed regarding Coleman's relevant conduct. *See United States v. Sadiq*, 116 F.3d 213, 214 (7th Cir.1997).

Finally, Coleman contends that the district court erred in attributing a weapons enhancement to him under U.S.S.G. § 2D1.1(b)(1). Specifically, he asserts that mere possession of a weapon is not enough. We will reverse the district court's enhancement for possession of a weapon only if we find clear error. *United States v. Adams*, 125 F.3d 586, 596 (7th Cir.1997). The Sentencing Guidelines make clear that a two-level upward departure is warranted "[i]f a dangerous weapon (including a firearm) was present." U.S.S.G. § 2D1.1(b)(1). Application Note 3 indicates that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) (n. 3). The government is required to show only that the weapon was possessed during any relevant conduct, not that the weapon was present during a specific drug trafficking offense. *Adams*, 125 F.3d at 596. Here, the district court correctly inferred that it was not clearly improbable that the fully loaded .38 caliber Taurus revolver found in his home—the same place where defendant was conducting his business—was connected to the drug offense. *See United States v. Pippen*, 115 F.3d 422, 425 (7th Cir.1997) (allowing district court to infer that gun was connected to the drug crime when it was possessed at the very place where defendant was conducting his business). Therefore the district court correctly enhanced Coleman's sentence.

CONCLUSION

For the reasons set forth above, we AFFIRM the judgment of the district court.