UNITED STATES of America, Plaintiff–Appellee,

v.

Raymond ADAMS, Defendant–Appellant.

No. 01–2529.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 14, 2001.

Decided Jan. 23, 2002.

Before FAIRCHILD, RIPPLE, and WILLIAMS, Circuit Judges.

### ORDER

Raymond Adams pleaded guilty to two counts of distributing methamphetamine, 21 U.S.C. § 841(a)(1), and was sentenced to 168 months' imprisonment on each count, the sentences to be served concurrently, followed by 3 years' supervised release. Mr. Adams appeals, but his counsel moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that any issue that could be raised on appeal would be frivolous. Mr. Adams submitted a response under Circuit Rule 51(b), arguing that he was sentenced in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Counsel's brief is facially adequate, and thus we limit our review of the record to those potential issues counsel and Mr. Adams discuss. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Because we agree that there are no non-frivolous issues for appeal, we grant counsel's request to withdraw and dismiss the appeal.

■ Counsel first considers whether Mr. Adams could argue that his plea was not knowing and voluntary because his plea colloquy did not satisfy Federal Rule of Criminal Procedure 11. Mr. Adams did not move to withdraw his plea, so we would review the plea colloquy only for plain error, *see United States v. Driver,* 242 F.3d 767, 769 (7th Cir.), *petition for cert. filed,* (May 16, 2001) (No. 00–10033). employing a "totality of the circumstances" analysis to determine whether any Rule 11 violations would have been likely to affect Mr. Adams's willingness to plead guilty. *see United States v. Fernandez,* 205 F.3d 1020, 1024 (7th Cir.2000). Counsel asserts that the district court complied with Rule 11, but our review of the plea colloquy revealed several shortcomings: (1) the court neglected to advise Mr. Adams of his right to persist in a plea of not guilty, *see* Fed.R.Crim.P. 11(c)(3); (2) the court did not advise Mr. Adams that by pleading guilty he waived the right to a trial, *see* Fed.R.Crim.P. 11(c)(4); (3) the court questioned Mr. Adams under oath without first advising him that his answers could be used against him in a perjury prosecution, *see* Fed.R.Crim.P. 11(c)(5); and (4) the court neglected to ask Mr. Adams whether his willingness to plead guilty resulted from prior discussions between the gov-

ernment and defense counsel, *see* Fed. R.Crim.P. 11(d).

Nonetheless, arguments based upon any of these omissions would be frivolous. As for Rule 11(c)(3) and (d), the court ensured that Mr. Adams had discussed the indictment and his case with counsel, and that he understood the charges, the possible minimum and maximum penalties, and the existence and likely effect of the Sentencing Guidelines. Further, in response to the court's inquiry, Mr. Adams provided a sufficient factual basis for his plea and stated that he was pleading guilty voluntarily and not as a result of any threats or promises by anyone. *See United States v. Akinsola,* 105 F.3d 331, 333–34 (7th Cir. 1997) (where plea colloquy substantially covered all aspects of rule governing pleas, district court's Rule 11(c)(3) and (d) violations did not affect defendant's willingness to plead guilty). As for Rule 11(c)(5), we have deemed this same error harmless where, as is true here, there is no suggestion of a current or prospective prosecution for perjury. *See United States v. Graves,* 98 F.3d 258, 259 (7th Cir.1996). And finally, as for Rule 11(c)(4), although the court never expressly mentioned waiver, the court ensured that Mr. Adams understood his right to a trial, and Mr. Adams does not assert in his Rule 51(b) response that his plea was involuntary because he did not understand that he was waiving his right to a trial by pleading guilty. Although we have concluded that arguments based on the district court's Rule 11 omissions would be frivolous in this case, we nonetheless take this opportunity to urge the district court to follow Rule 11 more carefully in the future. *See Driver,* 242 F.3d at 769 ("Compliance with Rule 11 is easily achieved. Both judge and prosecutor can use checkoff forms (which are readily available); it is surprising and regrettable that the court continues to see appeals of this kind, where a

district judge, a prosecutor, and defense counsel all seem oblivious to the risk.").

Counsel next considers whether Mr. Adams could challenge his sentence on the ground that the district court erred in adjusting his offense level upward under United States Sentencing Guideline § 2D1.1(b)(1) for Mr. Adams's possession of a dangerous weapon. We agree with counsel that the argument would be frivolous. Under § 2D1.1(b)(1) the district court was required to apply the upward adjustment "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n.3). The government need only show that the weapon was possessed during any relevant conduct, not that the weapon was present during a specific drug trafficking offense. *United States v. Coleman,* 149 F.3d 674, 678 (7th Cir.1998). Here, the government presented evidence that authorities discovered a shotgun stored with methamphetamine in Mr. Adams's home under his bed; this evidence is sufficient to support upward adjustment. *See United States v. Bjorkman,* 270 F.3d 482, 494 (7th Cir.2001) (approving § 2D1.1(b)(1) adjustment where guns were found in close proximity to drug paraphernalia in residence where drugs were delivered and handled); *United States v. Brack,* 188 F.3d 748, 764 (7th Cir.1999) (approving § 2D1.1(b)(1) adjustment where unloaded handgun and two unloaded rifles were found at stash house to which defendant had access).

Finally, as for Mr. Adams's contention in his Rule 51(b) response that he could challenge his sentence under *Apprendi,* we conclude that any argument based on *Apprendi* would be frivolous. Because Mr. Adams's sentence did not exceed the applicable statutory maximum *Apprendi* does not apply. *See United States v. Rodgers,* 245 F.3d 961, 967 (7th Cir.), *petition for*

*cert. filed,* (U.S. July 5, 2001) (No. 01–5169); *Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir.2000).

Counsel's motion to withdraw is GRANTED, and Mr. Adam's appeal is DISMISSED.