**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5016

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDALL LEE DANIELS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, District Judge. (CR-04-132-MBS)

Submitted:  June 23, 2006          Decided:  July 10, 2006

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. McBratney, Jr., Florence, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Jane B. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Randall Lee Daniels pled guilty to being a member of a drug conspiracy and a money laundering conspiracy, in violation of 21 U.S.C.A. § 846 (West 1999), 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2006), and 18 U.S.C.A. § 2 (West 2000). The district court sentenced Daniels to a term of 360 months imprisonment for the drug conspiracy count, and 240 months for the money laundering count, to run concurrently. On appeal, Daniels challenges only his sentence. He contends that the district court impermissibly relied on statements he gave pursuant to a valid proffer agreement. We affirm.

On March 17, 2004, Daniels executed a proffer agreement[*] with the Government in which he agreed "to be fully truthful and forthright" concerning the investigation into his offense, and "to submit to polygraph examination(s)" if requested. In turn, the Government agreed that it would not use any "statements made or other information" Daniels provided against him. The agreement specified that Daniels's "failure to be fully truthful and forthright at any stage will, at the sole election to the

---

[*]A "proffer agreement" is an agreement between the Government and a defendant in a criminal case "that sets forth the terms under which the defendant will provide information to the government"; it "defines the obligations of the parties and is intended to protect the defendant against the use of his or her statements." United States v. Lopez, 219 F.3d 343, 345 n.1 (4th Cir. 2000). On January 28, 2005, ten months after executing the proffer agreement, Daniels signed a written plea agreement.

Government, cause the obligations of the Government within this Agreement to become null and void." A failure to pass a requested polygraph exam "to the satisfaction of the Government" would similarly constitute a breach of the agreement, negating the Government's obligations. If Daniels breached his obligations under the agreement, the proffer agreement expressly authorized the Government to "use for any purpose any and all statements made and other information provided by [Daniels] in the prosecution of [Daniels] on any charge."

Daniels argues that the district court erred in concluding that he breached the proffer agreement by failing the government administered polygraph exam. We disagree. A proffer agreement operates like a contract; accordingly, to discern whether Daniels breached the agreement, we must examine its express terms. United States v. Lopez, 219 F.3d 343, 346 (4th Cir. 2000) (citing United States v. Cobblah, 118 F.3d 549, 551 (7th Cir. 1997)). Here, the contract terms explicitly require that Daniels be truthful and that he pass a polygraph test "to the satisfaction of the Government" if requested to undergo such a test. Indisputably, he failed to pass the given polygraph test, thereby clearly breaching the terms of the agreement.

Accordingly, because Daniels breached the proffer agreement, we conclude that Daniels's other contentions -- namely, that the district court impermissibly enhanced his sentenced based on

3

statements he made during the proffer interview -- lack merit. Under the precise terms of the proffer agreement itself -- which Daniels signed -- any breach by Daniels renders the Government's obligations null and void, and permits the Government to use Daniels's statements to prosecute him. The district court thus did not err in relying on Daniels's own statements and admissions to establish the factual predicates necessary to enhance his sentence under the Guidelines.

We further find that the district court did not violate <u>United States v. Booker</u>, 543 U.S. 220 (2005) in sentencing Daniels. Rather, the court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, made appropriate enhancements based on Daniels's own admissions, and imposed a reasonable sentence within the Guidelines range. <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006).

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>