

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# USA v. Darby

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Darby" (2009). *2009 Decisions.* Paper 2055.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2055

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2286
_____

UNITED STATES OF AMERICA

vs.

TERRANCE DARBY,
                          Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 04-cr-00318)
District Judge: Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 2, 2008
Before:  AMBRO, WEIS and VAN ANTWERPEN, Circuit Judges

Filed:  January 13, 2009
_____

OPINION
_____

WEIS, Circuit Judge.

        After a jury trial, Terrance Darby was convicted of knowingly or

intentionally possessing with intent to distribute cocaine and cocaine base, in violation of

1

21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c); and possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 2, 922(g)(1). We will affirm his conviction.

Darby challenges the District Court's denial of his motion to suppress without holding an evidentiary hearing. The motion did not include any factual basis for suppression. Before trial, the District Court inquired as to whether such a basis existed, to which Darby responded, "Your Honor, I'll submit to the Court's discretion."

"A defendant seeking an evidentiary hearing on a motion to suppress must provide sufficient information to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." United States v. Juarez, 454 F.3d 717, 719-20 (7th Cir. 2006) (citing United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998)) (internal quotation mark omitted); see also United States v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996) (a defendant is entitled to a pretrial hearing when his "moving papers . . . demonstrate a colorable claim for relief . . . [and] must consist of more than mere bald-faced allegations of misconduct" (internal citations and quotation marks omitted)). Because Darby's counsel did not present a factual basis for suppression, the District Court did not err in failing to conduct an evidentiary hearing.

2

Darby also complains about an allegedly prejudicial statement in the testimony of a government witness and a curative instruction the District Court gave the jury in response. During the direct examination of Sergeant Burgos of the Newark Police Department, he was asked "what type of operation" he was involved in at the time of the arrest, to which he responded, "[n]arcotics investigation and gang investigation." Darby's counsel objected and requested a mistrial, which the Court denied. After conferring with counsel, the Court issued a curative instruction to the jury,

> "Ladies and gentlemen, you just heard the sergeant mention the type of duty he was on that day involving narcotics and gangs.
> This case has nothing to do with gangs, so that's not to be dealt with in any way. This case has to do with what the prosecutor told you in his opening statement.
> So I just want you to be aware of that. Okay?"

Darby did not object to the curative instruction. He now argues that the instruction exacerbated Sergeant Burgos's allegedly prejudicial testimony, "lending credibility to the prosecution's version of the events," and amounting to reversible error.

Any prejudice that may have resulted from Sergeant Burgos's testimony was eliminated by the District Court's curative instruction. "[W]e . . . presume that a jury will follow an instruction to disregard . . . evidence inadvertently presented to it, unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." United States v. Thornton, 1 F.3d 149, 157 (3d Cir. 1993) (quoting

Greer v. Miller, 483 U.S. 756, 766 n.8 (1987)) (internal quotation mark omitted). Darby has not demonstrated that this standard is met.

Darby contends that the curative instruction exacerbated the prejudice he allegedly suffered as a result of Sergeant's Burgos's testimony about gangs. We conclude that the District Court did not abuse its discretion in composing the curative instruction. Darby's trial counsel "did not object to the phrasing of the instruction, a fact which suggests that counsel agreed with the Judge's approach." United States v. Hakim, 344 F.3d 324, 331 (3d Cir. 2003).

Finally, Darby asserts that the District Court erred in admitting into evidence a photograph taken of him on the day of his arrest because "it further exacerbate[d] his possible gang affiliation" and was unnecessary cumulative evidence. He also argues that the District Court erred in permitting testimony about a narcotics field test of a plastic bag seized from him. He asserts that this testimony was "needless . . . cumulative evidence."

"We review a district court's decision to admit or exclude evidence for abuse of discretion, and such discretion is construed especially broadly in the context of Rule 403." United States v. Kemp, 500 F.3d 257, 295 (3d Cir. 2007) (quoting United States v. Mathis, 264 F.3d 321, 326-27 (3d Cir. 2001)). Applying this deferential standard of review, we find that the District Court did not abuse its discretion in concluding that the probative value of the photograph was neither substantially

4

outweighed by the spectre of unfair prejudice nor needless presentation of cumulative evidence.

Because Darby's counsel did not object to the testimony regarding the narcotics field test, we apply the plain error standard. United States v. Moore, 375 F.3d 259, 262 (3d Cir. 2004). Other than making a conclusory assertion that this evidence was "unduly prejudicial and a 'needless presentation of cumulative evidence,'" Darby does not provide this Court with a reason why we should find plain error.

In sum, we conclude that Darby's appeal lacks merit. Accordingly, we will affirm the judgment of the District Court.