# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 23, 2013

Lyle W. Cayce
Clerk

No. 12-60756
Summary Calendar

KEFA MOSE,

                                        Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

                                        Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 395 621

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kefa Mose, a native and citizen of Kenya, has filed a petition for review of the Board of Immigration Appeals (BIA) August 28, 2012, decision dismissing his appeal of the immigration judge's (IJ) denial of his request for a continuance and his request for voluntary departure.

With respect to the IJ's denial of a continuance, Mose argues that the continuance should have been granted to afford him a reasonable opportunity to have the second I-130 immigrant visa petition his spouse filed on his behalf

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjudicated. An approved petition, he asserts, would have allowed him to adjust his status.

The decision whether to grant a motion to continue lies within the sound discretion of the IJ, who may grant the motion for good cause shown. *Witter v. INS*, 113 F.3d 549, 555 (5th Cir. 1997). When assessing whether a continuance should be granted to await the final adjudication of a pending visa petition, "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Matter of Hashmi*, 24 I. & N. Dec. 785, 790-91 (BIA 2009); *see Wu v. Holder*, 571 F.3d 467, 469-70 (5th Cir. 2009). In this case, the IJ's decision reveals that the denial of a continuance was based, *inter alia*, on the IJ's assessment of the viability of the then pending second I-130 petition in the light of the denial of an earlier filed I-130 petition on grounds of marriage fraud. As the BIA observed in *Hashmi*, "[if] other visa petitions filed on the respondent's behalf have been denied, those petitions and the USCIS's determinations could also be presented and considered. These prior filings or other evidence of potential fraud or dilatory tactics may impact the viability of the visa petition underlying the motion." *Hashmi*, 24 I. & N. Dec. at 792.

Mose has shown no abuse of discretion in the BIA's dismissal of his appeal of the IJ's denial of a continuance. *See Witter*, 113 F.3d at 555. His petition for review of this issue is denied.

Mose also challenges the denial of his request for voluntary departure. We lack jurisdiction to review that discretionary decision. *See* 8 U.S.C. § 1252(a)(2)(B); *Eyoum v. INS*, 125 F.3d 889, 891 (5th Cir. 1997).

Finally, Mose's petition for review of the BIA's August 2012 decision does not confer upon us jurisdiction to consider his challenge to the IJ's June 2004 later-invalidated decision sustaining all of the charges alleged in the notice to appear. *See* § 1252(b)(1); *see also Stone v. INS*, 514 U.S. 386, 394-95 (1995).

Accordingly, Mose's petition for review is DENIED IN PART and DISMISSED IN PART FOR LACK OF JURISDICTION.