**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE LOWE,

Defendant - Appellant.

No. 23-2114
(D.C. No. 1:17-CR-03338-JMC-SCY-4)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **KELLY**, Circuit Judges.[**]
_____

Defendant-Appellant George Lowe appeals from the district court's denial of

his motion to dismiss an indictment as untimely and the denial of his request for an

evidentiary hearing. Aplt. App. at 193, 222–32. Indicted on November 28, 2017,

along with three codefendants, Mr. Lowe was charged with one count of conspiracy

to defraud the government with respect to claims, 18 U.S.C. § 286; one count of

conspiracy to commit wire fraud, 18 U.S.C. §§ 1343, 1349; and eighteen counts of

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

false, fictitious, or fraudulent claims, 18 U.S.C. § 287, and aiding and abetting the same, 18 U.S.C. § 2(a).  Aplt. App. 22, 50–56, 61–64.  Mr. Lowe entered a conditional guilty plea as to the first count.  Id. at 238–52.  The district court sentenced Mr. Lowe to the lesser of one day's imprisonment or time served and three years' supervised release and ordered him to pay over $1.2 million in restitution.  Id. at 270–71, 274.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Background

The alleged fraudulent activity in this case concerned funding for the Big Crow Program Office ("BCPO"), a U.S. Army warfare assessment program based at Kirtland Air Force Base.  Aplt. App. 22.  The BCPO was originally funded by the Army, but after funding diminished, it received funds on a reimbursement basis and through supplemental Congressional appropriations.  Id. at 22–23.  The indictment alleged that beginning around 2004 and continuing through 2009, codefendant Milton Boutte, BCPO Director, conspired with Mr. Lowe and others to charge thousands of dollars for Mr. Lowe's lobbying efforts on behalf of the BCPO, even though it had no funding or authorization for lobbying.  Id. at 23.

Mr. Lowe agreed to lobby government officials for BCPO funding, initially charging $15,000 per month and later demanding higher amounts.  Id. at 31.  To pay Mr. Lowe, other codefendants fraudulently obtained contracts under the Small Business Act Business Development Program on behalf of two business entities owned by codefendants (Miratek Corporation and Vartek, LLC).  Id. at 23.  Although

2

the funds were allocated to each business through the program to provide technical support to the BCPO, codefendants improperly diverted funds to pay for Mr. Lowe's unauthorized lobbying, representing that Mr. Lowe was a "project manager" of each business entity. Id. at 30–33, 36–37, 48–49. Mr. Lowe submitted invoices for fraudulent hours of work to these entities as part of the conspiracy with codefendants. Id. at 33, 49, 241–42.

After being indicted in November 2017, Mr. Lowe filed a motion to dismiss the indictment for pre-indictment delay. Id. at 68–85. Mr. Lowe argued that under the Due Process Clause he was prejudiced by the government's eight-year delay in bringing charges because: (1) he could not subpoena members of Congress and their staffs to "substantiate his legitimate and lawful activity" as many members were either dead or no longer in office; (2) he could not access certain financial documents to show that he only received $1.2 million for lobbying, not the amount alleged by the government (over $3 million); and (3) critical witnesses were no longer available because of the passage of time. Id. at 68–72. He also requested an evidentiary hearing to show that the government's delay in bringing charges was unnecessary and was instead "for the purpose of benefitting the government." Id. at 83–85. Finally, Mr. Lowe made arguments regarding the statute of limitations, id. at 75–78, but he does not raise them here, conceding that his alleged criminal conduct falls within the

3

statute of limitations.[1]

On August 21, 2018, the district court denied Mr. Lowe's motion to dismiss the indictment. Id. at 232. First, while the district court assumed without deciding that Mr. Lowe could show actual prejudice, it found that his Due Process claim failed because he could not "establish that the government intentionally or recklessly delayed bringing the indictment[.]" Id. at 228. Second, the district court denied Mr. Lowe's request for an evidentiary hearing because it was based on "bare-bones assertions" that the government had "no apparent reason" to wait so long to bring an indictment and failed to make specific or nonconjectural allegations about what facts an evidentiary hearing would uncover. Id. at 229–30. Finally, the district court rejected Mr. Lowe's statute of limitations arguments. Id. at 222–26.

## Discussion

We review a district court's denial of a motion to dismiss for pre-indictment delay for abuse of discretion. United States v. Garcia, 74 F.4th 1073, 1094–95 (10th Cir. 2023) (omitting subsequent denials of certiorari). We also review the district court's denial of a request for an evidentiary hearing for abuse of discretion. United

---

[1] In his "Statement of the Issues," Mr. Lowe raises the question of whether 18 U.S.C. § 3287 and the 2001 Congressional authorization of use of military force extend the statute of limitations for fraud "without limitation[.]" Aplt. Br. at 2–3. However, later in his brief, Mr. Lowe stated he "does not contest the district court's reasoning that the statute of limitation for the crimes alleged against him were tolled pursuant to 18 U.S.C. § 3287 and a November 28, 2017 indictment would be otherwise timely." Aplt. Br. at 7. Therefore, we do not consider this issue.

States v. Pearl, 324 F.3d 1210, 1215 (10th Cir. 2003).

**A. Preindictment Delay**

To prove a Due Process violation based on preindictment delay, the defendant must show (1) actual prejudice resulting from the delay and (2) that the government purposefully designed the delay to gain a tactical advantage or harass the defendant. Garcia, 74 F.4th at 1096. The first factor, actual prejudice, "is generally a necessary but not sufficient element of a due process claim, and [] the due process inquiry must consider the reasons for the delay as well[.]" United States v. Lovasco, 431 U.S. 783, 790 (1977); United States v. Koch, 444 F. App'x 293, 297 (10th Cir. 2011). Upon the defendant's prima facie showing of fact that a violation occurred, the burden shifts to the government to present evidence that the delay was properly motivated and justified. Garcia, 74 F.4th at 1096. The defendant bears the ultimate burden of showing the Due Process violation by a preponderance of the evidence. Id.

After assuming without deciding that Mr. Lowe could show actual prejudice, the district court denied Mr. Lowe's Due Process claim because he failed to demonstrate that, under the second factor, the government purposefully or recklessly delayed in bringing the indictment. Aplt. App. 228.[2] We agree that Mr. Lowe failed

---

[2] The district court's order stated that the second factor could be satisfied if the prosecutorial delay was either intentional or "incurred in reckless disregard of circumstances, known to the prosecution, suggesting that there existed an appreciable risk that delay would impair the ability to mount an effective defense." Aplt. App. 227 (quoting Lovasco, 431 U.S. at 795 n.17). The Supreme Court has seemingly approved the reckless standard, but this circuit has declined to explicitly adopt it. See Garcia, 74 F.4th at 1097. It is of no moment in this case because the district

to make a prima facie showing of purposeful delay, consequently, we do not consider whether Mr. Lowe has shown actual prejudice.

Mr. Lowe cannot demonstrate that the government acted intentionally in bringing about the delay. In fact, Mr. Lowe's brief makes little argument regarding the second factor. Aplt. Br. at 9–11. Mr. Lowe's brief states that "investigative agents knew that the delay with an indictment would significantly increase the risk to Mr. Lowe in his ability to mount an effective defense" and that "the government . . . recklessly paid no attention to the clock[.]" Id. at 11. But he does not support these contentions with any facts from the record or with legal authority. See Fed. R. App. P. 28(a)(8)(A) (appellant's brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").[3]

Although Mr. Lowe bears the initial burden of demonstrating intentional delay, the government offered specific reasons for its delay before the district court — primarily, that the allegations in the indictment were complex, involving a fraudulent scheme with multiple defendants and business entities, and that the acquisition of

_____

court concluded that the defendant failed to show preindictment delay under any standard — as do we.

[3] Given the lack of factual or legal development, we have discretion to consider Mr. Lowe's argument regarding the second factor waived because it "consist[s] of little more than generalized and conclusory statements" and "makes no attempt to engage with the district court's reasoning[.]" United States v. Walker, 918 F.3d 1134, 1152–53 (10th Cir. 2019); see Fed. R. App. P. 28(a)(8)(A). Although the district court denied Mr. Lowe's Due Process claim solely on the second factor, Mr. Lowe's brief does not engage with the district court's reasoning.

6

documents from multiple government and grand jury subpoenas took time.  See Aplt. App. 230–31.  Mr. Lowe offers no evidence or argument to rebut the government's reasonable explanation, beyond suggesting that government agents (not specifically named) knew that the passage of time would affect Mr. Lowe's defense.  This does not suffice to demonstrate that the district court abused its discretion in evaluating this issue.

**B. Request for an Evidentiary Hearing**

"[S]peculation . . . is an insufficient basis for requiring an evidentiary hearing."  United States v. Sutton, 767 F.2d 726, 729 (10th Cir. 1985); see also United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998) ("Evidentiary hearings are warranted only when the allegations . . . are sufficiently definite, specific and non-conjectural and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.").  At various points throughout his briefing, Mr. Lowe contends that an evidentiary hearing is necessary to flesh out evidence showing how he was prejudiced and that the government's delay was intentional.  Aplt. Br. at 8, 10–11; Aplt. Reply Br. at 6.  But he fails to point out what specific evidence would tend to support either actual prejudice or intentional/reckless delay.  Mr. Lowe's argument is wholly speculative, and we find no abuse of discretion in the district

court's decision to deny an evidentiary hearing.

Entered for the Court


Paul J. Kelly, Jr
Circuit Judge