986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin MAINS, Defendant-Appellant.
 No. 92-4066.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Marvin Edward Mains appeals his convictions for possession of cocaine and firearms.[1] Mr. Mains moved to suppress evidence found during a search of his home. The district court denied the motion. Mr. Mains argues that the district court failed to make the findings required by Rule 12(e) of the Federal Rules of Criminal Procedure.[2]
 
 
 3
 On October 1, 1991, several law enforcement officials came to Mr. Mains' home, allegedly looking for a third party. They apparently requested permission to enter the residence to search for the third party. After this, the facts are in contention. The government argues that Mr. Mains granted permission to enter and search the apartment. Mr. Mains states that he did not consent and offers the testimony of his girlfriend and an upstairs neighbor as support. The district court heard evidence at the hearing on the motion to suppress and stated: "Well, I'm troubled by the case. I'm troubled by the sequence. And quite frankly, I'm troubled by the clash of information." Rec., vol. II, at 84. Subsequently, the district court entered an order simply denying the motion to suppress. The court did not make any findings of fact or otherwise explain the basis for its decision.
 
 
 4
 Under Fed.R.Crim.P. 12(e), "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." As we have previously said, a district court does not need to place all of its findings on the record provided the "essential bases of their decisions are apparent." United States v. Comosona, 614 F.2d 695, 697 (10th Cir.1980). In this case, however, the district court made no findings. In light of the contradictory testimony, we decline to substitute our judgment for the district court's on such matters as credibility determinations. See United States v. Guzman, 864 F.2d 1512, 1521 (10th Cir.1988) (remanding when the district court made no findings as to the voluntariness of consent). We therefore REMAND to the district court for the necessary findings.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Specifically, Mr. Mains was convicted of possession with intent to distribute cocaine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), knowingly possessing a firearm, having previously been convicted of a crime under 18 U.S.C. § 922(g)(1), and knowingly possessing an unregistered shotgun under 26 U.S.C. § 5845(a) and (d)
 
 
 [2]
 Mr. Mains also argues that he did not consent to the search and the evidence was insufficient to convict him on the cocaine and firearm charges. In light of our decision, we need not reach these issues