BALDOCK, Circuit Judge.
A federal grand jury indicted Defendant Howard Lee Ramstad charging him with possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Defendant entered a conditional plea of guilty pursuant to Fed. R.Crim.P. 11(a)(2), reserving his right to appeal the district court’s denial of his motion to suppress. The district court sentenced Defendant to 51 months imprisonment and Defendant appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and remand for appropriate fact finding.
I.
In July 1998, Kansas Highway Patrol Trooper Brian K. Smith observed Defendant’s motor home traveling east on Interstate 70, just outside Topeka, Kansas. Trooper Smith noticed Defendant’s vehicle displayed only one California registration plate on the rear of the vehicle. Believing that California law required vehicles to display two registration plates, Trooper Smith ran a check on the registration plate. The dispatcher informed Trooper Smith that the plate was assigned to a 1964 GMC. Because Trooper Smith could not determine the make or year of the vehicle, he stopped Defendant’s vehicle by activating his emergency lights.
Defendant pulled over, exited his motor home, and produced a valid driver’s license and proof of insurance. Based on his observations of Defendant, Trooper Smith believed Defendant was extremely nervous. Defendant accompanied Trooper Smith to his patrol car where he issued Defendant a written warning for failure to display a front registration plate. Trooper Smith returned Defendant’s documents to him and told him that was all Trooper Smith had for him. Trooper Smith then asked Defendant if he could ask him some more questions and Defendant agreed. Next, Trooper Smith asked Defendant if he was hauling anything illegal, such as drugs, guns, weapons, or contraband. Defendant stated that he was not. Trooper Smith asked to take “a quick look around” Defendant’s vehicle, stating that he “wasn’t going to tear anything up.” When Defendant agreed, Trooper Smith directed him to stand, along with his passenger, by the side of the highway, while Trooper Smith entered the motor home.
While searching the bedroom area, Trooper Smith noticed some irregularities: a recessed area; visible scratches and scrapes on the side walls; and fresh caulking, screws and trim. Trooper Smith further observed that the speaker grill covers did not cover speakers, but just covered a small hole with a wire. Trooper Smith examined the speaker grill covers and unscrewed them.[1] Trooper Smith then exited the vehicle and walked to the rear of the vehicle. He looked up at the back window of the passenger side and observed a depth discrepancy in unaccounted space of approximately 28 inches to the rear of the vehicle. At that point, Trooper Smith contacted the Topeka police department and requested a K-9 narcotics detection dog.
About ten to fifteen minutes later, Officer Larry Falley arrived with his K-9 dog. Trooper Smith informed Officer Falley that he suspected something was amiss in the rear of the motor home. The dog alerted to the area where Trooper Smith had observed the fresh scratches and marks. Trooper Smith directed Defendant to drive the motor home to a nearby *1265 highway patrol facility. Upon arrival, Trooper Smith removed a panel of the vehicle and discovered 38 clear plastic-wrapped bundles of marijuana totaling 567.3 pounds.
Based on the foregoing, the Government charged Defendant with possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Defendant filed a pretrial motion to suppress the evidence of the marijuana as fruit of an illegal traffic stop. Defendant argued the traffic stop, made without probable cause or reasonable suspicion, violated the Fourth Amendment. In addition, Defendant argued the Government did not prove that he gave consent sufficient to purge the primary taint of the illegal stop. Finally, Defendant claimed that even if the initial traffic stop was legal, or Defendant’s subsequent consent purged its illegality, Trooper Smith exceeded the scope of Defendant’s consent when he unscrewed the speaker covers.
At the conclusion of a suppression hearing, the - district court summarily denied Defendant’s motion to suppress without making any findings of fact. Instead, the district court merely stated:
As to the motion for an order suppressing illegally obtained evidence, the motion is denied and overruled. We’re basing our decision primarily on Tenth Circuit law, which we believe is inconsistent with the position of the defendant. They want to change that law, we’ll let them do it. I’m not going to try it for them. So that’s the ruling of the court.
Aplt’s App. at 31.
II.
In reviewing the denial of a motion to suppress, we review a district court’s factual determinations for clear error and ultimate determinations of reasonableness under the Fourth Amendment de novo. United States v. Patten, 183 F.3d 1190, 1193 (10th Cir.1999). “Factfinding is the basic responsibility of district courts, rather than appellate courts.... ” Pullman-Standard v. Swint, 456 U.S. 273, 291, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) (internal brackets and quotations omitted). Pursuant to Fed.R.Crim.P. 12(e), “[wjhere factual issues are involved in determining a motion, the court shall state its essential findings on the record.” A district court need not place all of its findings on the record provided the essential bases of its decision are apparent. United States v. Toro-Pelaez, 107 F.3d 819, 824 (10th Cir.1997).
Here, the district court did not make any findings or otherwise explain the basis for its decision. While remand may be unnecessary where “the proceedings below resulted in a record of amply sufficient detail and depth from which the determination may be made,” United States v. Fernandez, 18 F.3d 874, 881-82 n. 7 (10th Cir.1994), we believe the record^ below is insufficiently developed regarding the suppression issue. Accordingly, we remand to the district court for further fact-finding.[2]
On remand, the district court must make specific findings as to whether the original traffic stop violated the Fourth Amendment, and if so whether Defendant subsequently gave consent sufficient to remove the taint of the illegal stop. If a consensual search follows a Fourth Amendment violation, “the government must prove both the voluntariness of the consent under the totality of the circum *1266 stances and that there was a break in the causal connection between the illegality and the evidence obtained.” United States v. McCurdy, 40 F.3d 1111, 1119 (10th Cir.1994).
If the district court finds either that the traffic stop was legal and Defendant gave consent or that the stop was illegal but Defendant gave consent sufficient to remove the taint of the illegal stop, the district court must then make factual findings regarding whether the scope of Trooper Smith’s search exceeded the scope of Defendant’s consent. “The scope of a search ‘is limited by the breadth of the consent given.’ ” United States v. Chavez-Ceja, 161 F.3d 18, 1998 WL 654986, at *2 (10th Cir.1998) (unpublished) (quoting United States v. McRae, 81 F.3d 1528, 1537 (10th Cir.1996)). “The standard for measuring the scope of a suspect’s consent under the Fourth Amendment is that of ‘objective’ reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect.” United States v. Elliott, 107 F.3d 810, 814 (10th Cir.1997) (quoting Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991)).
We REMAND to the district court for further proceedings consistent with this opinion.

. The record is unclear regarding whether Trooper Smith unscrewed the speaker covers before or after observing that they did not cover speakers.

. We note that where the district court makes no express factual findings, we normally uphold the district court’s ruling if any reasonable view of the evidence supports it. United States v. Broomfield, 201 F.3d 1270, 1273 (10th Cir.2000). Here, however, the district court summarily denied Defendant’s motion to suppress, providing no findings of fact and failing to explain the basis for its decision. See United States v. McCurdy, 40 F.3d 1111, 1119 (10th Cir.1994) (remanding to district court for factual findings as to voluntariness of consent); United States v. Mains, 986 F.2d 1430, 1993 WL 26827, at *1 (10th Cir.1993) (unpublished) (remanding to district court for factual findings regarding alleged consent to search).