In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-2435

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PAULINO JUAREZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 CR 1150—**Charles R. Norgle, Sr.**, *Judge.*

ARGUED MAY 8, 2006—DECIDED JULY 21, 2006

Before BAUER, RIPPLE, and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.* Paulino Juarez was convicted of
possessing a firearm as a felon, and was sentenced to 240
months' imprisonment. We affirm.

## I. Background

At 3:45 a.m. on June 12, 2003, the police received a phone
call complaining of shots fired in the 4500 block of S. Wood
Street in Chicago. Officers Oscar Lanza and Eliel Roa
responded to the call. As they approached on Wood Street,
they saw Juarez hide behind a tree. Officer Roa left the
vehicle and was approaching the tree when Juarez ran and
dropped a gun from his waistband. The officers chased,

tackled, and arrested him, and Officer Lanza retrieved the gun.

After his indictment for a violation of 18 U.S.C. § 922(g), Juarez filed a motion to quash arrest and suppress evidence. He attached an affidavit stating that he was walking down Wood Street when he saw the police car approaching, and the officers jumped out, seized him, and placed him in the backseat. The district court denied his motion without an evidentiary hearing, and also denied his motion to dismiss for lack of subject matter jurisdiction.

At trial the parties stipulated that the gun was manufactured in Ohio. After the jury returned a guilty verdict, the district court sentenced Juarez to 240 months' imprisonment. He appealed.

## II. Discussion

Juarez claims that the district court lacked jurisdiction under the Commerce Clause, abused its discretion by denying his motion without an evidentiary hearing, and imposed an unreasonable sentence.

### A. Interstate Commerce

Juarez claims that the district court lacked subject matter jurisdiction because 18 U.S.C. § 922(g), the statute under which he was charged, is unconstitutional under the Commerce Clause. *See* U.S. CONST. art. I, § 8, cl. 3. We review this constitutional challenge *de novo*. *United States v. Vallejo*, 373 F.3d 855, 860 (7th Cir. 2004). The statute, in relevant part, makes it unlawful for a felon to "possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g). We have rejected similar challenges to the statute on several occasions, concluding that the statute's inclusion of a

jurisdictional element insulates it from constitutional attack under the reasoning of *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000). Commerce Clause challenges to the felon-in-possession statute fail "because 922(g) itself contains a jurisdictional element, and because the Supreme Court . . . suggested that prior movement of the firearm in inter-state commerce would suffice to meet that element." *United States v. Lemons*, 302 F.3d 769, 772 (7th Cir. 2002); *see also United States v. Keller*, 376 F.3d 713, 716-17 (7th Cir. 2004); *Vallejo*, 373 F.3d at 860-61; *United States v. Mitchell*, 299 F.3d 632, 635 (7th Cir. 2002). In addition to the stat-ute's facial constitutionality, the evidence at trial provided a sufficient nexus to interstate commerce. Juarez stipulated that the gun was manufactured in Ohio. It is undisputed that the gun must have traveled in interstate commerce at some time after its manufacture in order for Juarez to possess it in Illinois. On that basis, the district court properly invoked jurisdiction. *See Lemons*, 302 F.3d at 772.

## B.  Denial of Motion Without Evidentiary Hearing

Juarez also claims that the district court abused its discretion by declining to hold an evidentiary hearing on his motion to quash arrest and suppress evidence. We review for abuse of discretion. *United States v. Woods*, 995 F.2d 713, 716 (7th Cir. 1993). A defendant seeking an eviden-tiary hearing on a motion to suppress must provide suffi-cient information "to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998) (citing *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988)). Applying that standard, the district court ruled that there was no disputed issue of fact that would justify a hearing. In reaching this decision, the court

reasoned that "when the police saw the defendant at that time, date[,] and place, based upon the information that they had available to them, . . . they had a reasonable suspicion and could conduct a *Terry* stop of the defendant."

The government claims that the facts in Juarez's affidavit did not conflict with the officers' version of events. His affidavit relates that he was walking down Wood Street when he saw a police car, and then the officers jumped out and grabbed him. According to the officers, Juarez was walking down Wood Street when he saw a police car, hid behind a tree, saw an officer approaching on foot, ran away, and disposed of his gun. The affidavit, the government argues, did not create a factual dispute because the government agrees with the facts therein, even though "it appears that the affidavit was written so as to avoid conflicting with the officers' account" by omitting certain other details. In its view, Juarez's statement that he was initially "walking on Wood Street" does not preclude the possibility that he later ran upon seeing the officers. This interpretation of the defendant's burden would require Juarez to state that he "was just walking" or that he "was walking, not running" in order to warrant an evidentiary hearing. Yet in his affidavit the defendant need not deny the government's version of events line-by-line; he need only ensure that his affidavit is "sufficiently definite, specific, non-conjectural and detailed enough" for the court to discern the disputed factual issue. *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004). A defendant would create a dispute by claiming he is purple, for instance, where the government says he is green; he need not declare that he is not green. Being purple precludes one from being green, just as the act of walking precludes one from running. For this reason, Juarez's affidavit suffices to create a disputed issue of fact.

A disputed issue only warrants an evidentiary hearing, however, "if the difference in facts is material, that is, only

if the disputed fact makes a difference in the outcome." *United States v. Berkowitz*, 927 F.2d 1376, 1385 (7th Cir. 1991). An evidentiary hearing was not necessary in this case because it is undisputed that the officers were justified in conducting a *Terry* stop whether Juarez was walking or running. While Juarez challenged this conclusion in his brief, his counsel conceded at argument that the facts in the affidavit provided reasonable suspicion for a *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968) (holding that officers may, consistent with the Fourth Amendment, conduct a brief investigatory stop when they have a reasonable, articulable suspicion that criminal activity is afoot). Because no disputed issue of material fact existed to compel an evidentiary hearing, the court did not abuse its discretion. *See Villegas*, 388 F.3d at 324.

## C. Reasonableness of the Sentence

Lastly, Juarez claims that his sentence was unreasonable. It is undisputed that his proper offense level was 33, which together with his criminal history category of VI produced a Guidelines range of 235 to 293 months. The district court imposed a sentence of 240 months' imprisonment. A sentence that falls within the properly-calculated range merits a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). A defendant may rebut the presumption by demonstrating the sentence's unreasonableness when measured against the factors listed in 18 U.S.C. § 3553(a). *Id.* The district court referenced several of these factors in selecting the appropriate sentence. First, the court referred to the Guidelines as "useful guides" and calculated the appropriate range. *See* 18 U.S.C. § 3553(a)(4). The court also contemplated the history and characteristics of the defendant by calling attention to Juarez's relative youth and the approximate nine years he had already spent incarcerated. *See* 18 U.S.C. § 3553(a)(1).

As for the sentences available, the court considered and rejected a higher sentence within the range because that would not be "reasonable or appropriate." *See* 18 U.S.C. § 3553(a)(3). Finally settling on the sentence imposed, the court noted that "a lesser sentence would deprecate the seriousness of what occurred, and also would not serve as a deterrent to others." *See* 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B).

Juarez claims that the district court did not adequately consider his troubled childhood or his need for psychological help. In his brief he alleges only that facts in the PSR could suggest a need for "some type of psychological help"; he does not claim that the district court "passed over in silence the principal argument made by the defendant" at the sentencing hearing. *See United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005) (remand for resentencing where district court did not mention defendant's psychiatric problems and substance abuse). As discussed above, the record indicates that the district court considered Juarez's history and characteristics. The selection of a sentence at the low end of the Guidelines range, based on the court's review of these considerations and other § 3553(a) factors, is reasonable. *See United States v. Williams*, 436 F.3d 767, 769 (7th Cir. 2006).

## III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

No. 05-2435 7

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*