**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 22, 2006
Decided October 6, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1239

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> JAMES LOIZZI, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 04 CR 1085-1 <br><br> Samuel Der-Yeghiayan, <br> *Judge.* |

**ORDER**

James Loizzi pleaded guilty to two counts of possession with intent to distribute a controlled substance. *See* 21 U.S.C. § 841(a)(1). After concluding that two of his prior convictions were for controlled substance offenses, the district court sentenced him under the guidelines as a career offender. *See* U.S.S.G. § 4B1.1. Loizzi argues that one of those convictions—a 1990 Illinois conviction for possession with intent to deliver cocaine—cannot be counted as a controlled substance offense.

A warrant was issued for Loizzi's arrest charging him with violating the conditions of his federal supervised release. When police officers arrived at Loizzi's hotel room, they discovered just over a gram each of marijuana and cocaine. A subsequent search of his car turned up more than a kilogram of cocaine and

approximately eight kilograms of marijuana, along with cash, baggies, scales, and a pager. Loizzi was then charged with two counts of possession with intent to distribute. He pled guilty to both counts without a written plea agreement.

In a presentence investigation report, the probation officer recommended that the district court sentence Loizzi as a career offender under U.S.S.G. § 4B1.1 based on two of his prior convictions. The first is a 1990 federal conviction for conspiracy to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). The second is also a 1990 conviction, this one under Illinois law, for possession with intent to deliver cocaine. *See* ILL. REV. STAT., CH. 56 1/2 1401 (1990) (current version at 720 ILL. COMP. STAT. 570/401). As evidence of the convictions, the government introduced a copy of the 1990 federal judgment and a "certified statement of conviction" for the Illinois violation. The probation officer concluded that, because both convictions involved an intent to distribute, and not just simple possession, Loizzi had the requisite number of controlled substance convictions for sentencing as a career offender. *See* U.S.S.G. §§ 4B1.1, 4B1.2(b); *United States v. Jackson*, 103 F.3d 561, 570 (7th Cir. 1996) (noting that simple drug possession is not a controlled substance offense under the career-offender guideline).

Loizzi objected to characterizing his state conviction as a controlled substance offense and argued that the underlying facts establish that the offense involved only simple possession. The statute of conviction—which Loizzi admits he pleaded guilty to—makes it unlawful for "any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance." ILL. REV. STAT., CH. 56 1/2 1401 (current version at 720 ILL. COMP. STAT. 570/401). Despite this language, Loizzi argued that a police report evidences that he was arrested with 55 grams of cocaine, an amount that he says is too small from which to infer an intent to deliver. Thus, Loizzi argued that he committed only one prior controlled substance offense and the district court should not sentence him as a career offender.

The district court rejected this argument and refused to look at the underlying facts of the offense, reasoning that Loizzi admittedly pleaded guilty to an offense involving the intent to distribute drugs. Accordingly, the district court accepted the probation officer's calculation and found Loizzi's total offense level to be 31 (after a 3-level reduction for acceptance of responsibility). With a criminal history category of VI, Loizzi's corresponding guidelines imprisonment range was 188 to 235 months. The district court considered the relevant sentencing factors under 18 U.S.C. § 3553(a)(2), including the supportive testimony received from his family during the hearing, evidence of his gainful employment, and his prior criminal history. The court then imposed concurrent sentences of 211 months imprisonment and five years supervised release on the first count, and 60 months imprisonment and three years supervised release on the second.

**Discussion**

On appeal, Loizzi attacks his sentence on two grounds. First, he reframes his challenge to the career offender guideline by arguing now that the "certified statement of conviction" inadequately proves that his 1990 Illinois conviction is a controlled substance offense. He also contends that his sentence is unreasonable because the district court refused to give a below-range sentence.

To successfully argue that his prison sentence is based on an incorrect guidelines range, Loizzi must show that the district court relied on inaccurate information in scoring his Illinois conviction. *See United States v. Hankton*, 423 F.3d 779, 790 (7th Cir. 2005). Here, the district court relied on the presentence report and the "certified statement of conviction," which reference the statute contravened, the charging document, his guilty plea, and the judgment of the Illinois court. *See United States v. Lewis*, 405 F.3d 511, 514-15 (7th Cir. 2005). The district court was not required to do anything more. *See United States v. Peters*, No. 05-2554, 2006 WL 2485837, at *2 (7th Cir. Aug. 30, 2006) (explaining that presentence report was satisfactory evidence of prior conviction). Thus, Loizzi has little room to contest the district court's finding that his Illinois conviction was a countable controlled substance offense.

Nonetheless, based on *United States v. Hernandez*, 218 F.3d 272 (3d Cir. 2000), Loizzi argues that in his case the presentence report and the certified statement of conviction were not enough. In *Hernandez*, the Third Circuit overturned a career offender sentence because the district court, relying solely on "certificates of disposition" from a New York state court, concluded that the defendant previously was convicted of possessing drugs with intent to sell, even though the underlying plea colloquy suggested that he pleaded to simple posses- sion. *Id.* at 279. The Third Circuit reasoned that the hand-written "certificates of disposition," issued by clerks from the state courts, were not judgments of conviction and thus could not conclusively prove the defendant's prior convictions. *Id.* at 278. Loizzi argues that the district court likewise should have looked beyond the Illinois certified statement of conviction and examined the underlying police report because the certified statement is, like its New York counterpart, a clerk's record and not a copy of the judgment.

Loizzi is correct to a point. His certified statement of conviction, though computerized, is akin to Hernandez's "certificate of disposition"; it was prepared by a state-court clerk years after the actual state court proceeding. *Id.* at 278-279. And while we have upheld the use of an Illinois certified statement of conviction to prove a prior conviction for purposes of imposing an enhanced sentence under the Armed Career Criminal Act, *see United States v. Howell*, 37 F.3d 1197, 1207 (7th Cir. 1994), we have also recognized that a certified statement of conviction is not conclusive proof of the underlying judgment, *see Dashto v. INS*, 59 F.3d 697, 701-02

(7th Cir. 1995) (holding that Illinois certified statement of conviction that conflicted with court records was insufficient evidence of firearms conviction for immigration purposes). As we explained in *Dashto*, a "certified statement of conviction is nothing more than the Clerk of Court's representation as to what the underlying court records—including the indictment, judgment of conviction, and sentence—reveal about the nature of the conviction," and thus if the statement is inconsistent with the underlying documents, "it is the records themselves that control, not the clerk's characterization of them." *Id.* at 701.

But the *Hernandez* case is clearly distinguishable. The Third Circuit authorized looking beyond the New York "certificates of disposition" because their accuracy was "seriously called into question." *Hernandez*, 218 F.3d at 279. That is not the case here. Loizzi *admits* that the Illinois certified statement of conviction is accurate; thus, the district court had no reason to look behind it. Because Loizzi admitted at sentencing that he pleaded guilty to possession with intent to deliver cocaine, the district court properly considered his conviction for career offender purposes. *See United States v. Kindle*, 453 F.3d 438, 441-42 (7th Cir. 2006) (holding that in-court admission is proper evidence of prior conviction for sentencing purposes). What's more, by admitting a conviction for possession with intent to deliver, Loizzi necessarily admitted the intent-to-deliver element. *See United States v. Wallace*, 280 F.3d 781, 784 (7th Cir. 2002) (reasoning that by pleading guilty defendant admits each element of the substantive crime); *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case.").

In fact, a sentencing court cannot look behind the statute and judgment when the nature of the conviction categorically qualifies for recidivism sentencing consideration under the guidelines. *See Taylor v. United States*, 495 U.S. 575, 599, 602 (1990) (holding that if state crime necessarily fits within predicate offense, sentencing courts should look only to the conviction and statutory definition to determine whether defendant qualifies for statutory enhancement); *United States v. Shannon*, 110 F.3d 382, 384 (7th Cir. 1997) (same for sentencing guidelines). The sentencing guidelines define a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(b). Along with admitting that he pleaded guilty to possession with intent to deliver cocaine, Loizzi rightly concedes that this crime categorically qualifies as a controlled substance offense under the guidelines. The district court, presented with Loizzi's own admission that he pleaded guilty to a controlled substance offense, as well as a presentence report and a certified statement of conviction corroborating his admission, properly found that this conviction qualified

as a controlled substance offenses.  And so, it was entirely appropriate for the court to treat him as a career offender.

That is enough to decide this case.  But even if Loizzi had offered a persuasive justification for looking beyond the presentence report and the certified statement of conviction, there would still be no basis for examining, as he suggests, the police report concerning his arrest.  Loizzi insists that the district court should have looked at the report, but he provides no supporting authority for that argument, and for good reason.  *Hernandez* authorized a sentencing court to look at a plea colloquy, not a police report.  218 F.3d at 279.  The Supreme Court and this court have both rejected reliance on police reports in determining the nature of a prior conviction.  Sentencing courts are limited to "'examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings made by the trial judge to which the defendant assented.'"  *Lewis*, 405 F.3d at 514-15 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).  *See also United States v. McGee*, 408 F.3d 966, 989 (7th Cir. 2005) (remanding career offender sentence because of, *inter alia*, sentencing court's possible reliance on police report).

Ultimately, Loizzi is trying to collaterally attack his prior Illinois conviction by arguing that the facts did not support a conviction for possession with the intent to deliver.  However, federal sentencing courts are not the place to collaterally attack prior state court convictions, *Custis v. United States*, 511 U.S. 485, 497 (1994); *United States v. Dahler,* 171 F.3d 441, 443 (7th Cir. 1999), or to investigate the facts behind prior convictions, *Lewis,* 405 F.3d at 515 ("What matters is the fact *of* conviction, rather than the facts *behind* the conviction." (emphasis in original)).

Loizzi also challenges the reasonableness of his sentence, arguing that the court should have exercised its discretion to impose a below-guidelines sentence.  Since the district court appropriately concluded that Loizzi was a career offender, his sentence falls within the properly calculated guidelines range and therefore is presumed reasonable.  *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  In the district court, Loizzi argued that a within-range sentence would be unreasonable based on his purportedly overstated criminal history, his efforts at drug rehabilitation, his gainful employment, and the support of family members who testified on his behalf.  The district court considered these arguments, pursuant to § 3553(a)(2), and selected a sentence within the guidelines range.  The sentence is not, based on this record, unreasonable.  *See United States v. Juarez*, 454 F.3d 717, 721 (7th Cir. 2006).

The judgment of the district court is **AFFIRMED**.