In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-2234

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

RAPHAEL MCGAUGHY,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 CR 908—**Charles R. Norgle, Sr.**, *Judge*.

ARGUED FEBRUARY 16, 2007—DECIDED MAY 11, 2007

Before FLAUM, RIPPLE and ROVNER, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Raphael McGaughy was convicted in the Northern District of Illinois of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). He was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), to fifteen years' imprisonment. He timely appeals his conviction and sentence, contending that the district court erred in denying his request for an evidentiary hearing on a motion to suppress the evidence obtained in a search of his residence and that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). For the reasons set forth in this opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

### A. The Complaint for a Search Warrant and the Search

On July 12, 2004, Officer Patrick Cardwell executed a complaint for a search warrant that listed an apartment where Mr. McGaughy stayed as the premises to be searched. In the complaint, Officer Cardwell asserted that he had probable cause to believe that Mr. McGaughy kept a weapon in the residence in violation of law. The complaint rested principally on facts reported to Officer Cardwell by a confidential source, "Pat Doe." R.14, Ex.A at 2. Doe reportedly informed the police that "within the past seven days," Doe had been in Mr. McGaughy's residence and had seen Mr. McGaughy in possession of a rifle and a handgun. *Id.* According to the complaint, Doe stated that Mr. McGaughy had indicated that the weapons belonged to him and were used for his protection. Doe also stated that Doe had known Mr. McGaughy to be in possession of weapons on other occasions and that Doe knew Mr. McGaughy transported weapons in his car between the home and another area of the city. The complaint further attributed various innocent facts to Doe, such as a description of the exterior of the apartment building and the fact that Mr. McGaughy resided there with his girlfriend.

Officer Cardwell then made his own additional statements to show police corroboration of the facts attributed to Doe. He stated that he had observed the exterior of the building and that it matched Doe's description. He further stated that he had run a registration check on a car that he had observed parked behind the apartment building and the check confirmed that the vehicle was registered to Mr. McGaughy. Finally, Officer Cardwell noted that he

had checked Illinois records and had confirmed both that Mr. McGaughy had an aggravated battery conviction from 1998 and that he did not possess a valid firearm owner identification card.

On July 12, 2004, both Officer Cardwell and Doe appeared before an Illinois circuit judge to attest to the validity of the statements in the complaint. The judge found that there was probable cause and issued the warrant.

In the early morning of July 14, 2004, police executed the warrant at the apartment of Mary Dotson, Mr. McGaughy's girlfriend, where he had been staying. Police found Mr. McGaughy and Dotson in bed and, after asking both to make their hands visible and leave the bed, found a gun under Mr. McGaughy's pillow. The officers also found a second gun in a laundry basket.

Following the search, Mr. McGaughy was arrested and eventually was charged by a federal grand jury with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

## B. District Court Proceedings

Before trial, Mr. McGaughy filed a motion to suppress the evidence seized in the search; he contended that the informant's statements, which provided the substance of the complaint, did not establish probable cause as that standard is described in *Illinois v. Gates*, 462 U.S. 213 (1983). Specifically, he claimed that it was error to credit Doe's assertions without a basis in the complaint for determining Doe's reliability, veracity or the basis for Doe's knowledge. He also claimed that the information provided by

Doe was stale, relating to possession of a gun up to 16 days prior to the execution of the complaint. Finally, he claimed that the *Leon* good-faith exception did not apply because the complaint was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." R.14 at 10 (citing *United States v. Leon*, 468 U.S. 897, 918 (1984)). He asked that the evidence be suppressed or, in the alternative, that an evidentiary hearing be granted "to resolve any evidentiary issues." *Id.* at 11. He did not endeavor to identify further any material factual dispute.

In reply, Mr. McGaughy contended that there were material omissions in the application that tainted its validity. Specifically, he noted again that the complaint contained no information about Doe, but also alleged that Officer Cardwell had omitted information about a "history" between Officer Cardwell and Mr. McGaughy. Mr. McGaughy contended that, at some point in the past, he had been charged with either resisting arrest or battery of a police officer in relation to an incident in which he allegedly had thrown a bottle at Officer Cardwell. R.18 at 6; Appellant's Br. at 6. Mr. McGaughy stated that the issuing judge "would certainly [have been] interested in knowing" of the "potential bias on the part of the complainant" before making the probable cause determination. R.18 at 6.[1]

---

[1] Although Mr. McGaughy did not raise his contention regarding the possible bias of Officer Cardwell in his opening brief before the district court, both parties address this argument on its merits in this appeal; the Government has not suggested that it is waived. We therefore shall address it in substance.

The district court heard argument on the motion to suppress. Counsel for Mr. McGaughy focused on Mr. McGaughy's claim that the issuing judge had erred in determining that the facts of the complaint established probable cause, rather than on any contention that an outstanding factual dispute had to be resolved before the probable cause determination could be assessed.[2] At one point, the Government noted, "in addition, your Honor—*and I don't know if we need to address this or not*—but the [G]overnment does not believe that a hearing is necessary. If you'd like me to address that, I can. Or we can jump off that bridge when we get to it." Tr. at 17-18 (Jan. 21, 2005) (emphasis added). When the court asked for Mr. McGaughy's reply, counsel did not contend specifically that there were disputed issues of fact requiring a hearing. Instead, she contended again that Officer Cardwell's corroboration was insufficient to overcome the absence of information about the informant's credibility and that the information was stale. She did not raise any issue regarding the allegations of bias of Officer Cardwell. She did not restate the request for an evidentiary hearing, but asked the court to "grant the motion and suppress the weapons." *Id.* at 23.

Following argument, the district court ruled that the issuing state judge had a substantial basis for concluding that the warrant was supported by probable cause. *Id.* at 23. The court stated that the officers took appropriate steps to corroborate as much information of the confiden-

---

[2] Counsel for Mr. McGaughy specifically asserted that he raised two challenges to the probable cause determination, lack of corroboration of the informant and staleness. *See* Tr. at 3, 8 (Jan. 21, 2005).

tial informant as they could and that any delay in seeking the warrant was reasonable in light of these attempts to corroborate. The court found significant that the warrant specified that the confidential informant had observed personally the weapons in the apartment and, by virtue of the detail regarding the movement of the weapons, clearly "had some knowledge of the defendant and the circumstances under which he lived." *Id.* at 26. The court made no specific ruling on the issue of an evidentiary hearing.

Mr. McGaughy subsequently was convicted in a jury trial. The presentence report included information regarding his prior violent felony convictions; on the basis of those convictions, the trial court sentenced him to the minimum fifteen-year sentence prescribed by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Mr. McGaughy contended that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), required the fact of his prior convictions that resulted in a recidivism enhancement to have been found by a jury beyond a reasonable doubt. The court rejected his argument.

## II

## DISCUSSION

### A.  Denial of an Evidentiary Hearing

Mr. McGaughy contends that the district court erred in denying an evidentiary hearing on his motion to suppress. In this court, Mr. McGaughy does not challenge directly the probable cause determination or the applicability of the good faith exception as he did in the district court; instead, he focuses on whether the motion should have

been decided without first conducting an evidentiary hearing.

We review a district court's denial of an evidentiary hearing on a motion to suppress for an abuse of discretion. *United States v. Juarez*, 454 F.3d 717, 719 (7th Cir. 2006). Evidentiary hearings are not required as a matter of course; a district court need conduct a hearing only

> when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.

*United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004); *see also Juarez*, 454 F.3d at 720; *United States v. Martin*, 422 F.3d 597, 602-03 (7th Cir. 2005), *cert. denied*, 74 U.S.L.W. 3424 (Jan. 23, 2006) (No. 05-8234). We have emphasized the necessity of materiality in any factual disputes that are presented to the district court as a predicate for an evidentiary hearing. *Villegas*, 388 F.3d at 324; *Juarez*, 454 F.3d at 720; *United States v. Berkowitz*, 927 F.2d 1376, 1385 (7th Cir. 1991).

Mr. McGaughy's briefing and argument on the motion to suppress do not identify any specific "material factual dispute" requiring resolution through an evidentiary hearing. In the district court, Mr. McGaughy did claim the information from Doe was up to two weeks old and therefore stale, and, on reply, added his claims that personal bias motivated the complaining officer in seeking the warrant. Mr. McGaughy did not make any serious effort to articulate what facts had to be adduced at an evidentiary hearing to inform the court's analysis; furthermore, Mr. McGaughy did not articulate in what manner

the district court's ultimate determination of probable cause would have been different if his version of the facts were accepted. *See Juarez*, 454 F.3d at 720.

Our precedent places the onus on a defendant seeking an evidentiary hearing to "specifically . . . allege[ ] a *definite disputed factual issue*," *Martin*, 422 F.3d at 603 (emphasis added), and to demonstrate its materiality, *Juarez*, 454 F.3d at 720. We conclude that Mr. McGaughy has not met this burden.

With respect to the age of the information, the district court explicitly considered whether any delay caused Doe's information to become stale. The district court concluded that the complaint alleged possession of fire-arms, an ongoing criminal activity, that was likely to persist beyond the day the information was passed from Doe to the police. Indeed, the district court took the view that any delay demonstrated that the officer had taken the prudent course in attempting some corroboration before producing a complaint.

With respect to the question of potential bias, Mr. McGaughy's conclusory allegation that a history with the complaining officer should have been presented to the issuing judge also does not create a material issue of fact.[3]

---

[3] Neither on appeal nor before the district court did Mr. McGaughy claim that the omission of the history information raised a *Franks* issue. *See Franks v. Delaware*, 438 U.S. 154 (1978); *United States v. Harris*, 464 F.3d 733 (7th Cir. 2006). *Franks* and its progeny entitle a defendant to a hearing on the veracity of an affidavit supporting a request for a search warrant when the defendant

(continued...)

Officer Cardwell's personal contributions to the factual statements in the complaint were simply that Mr. McGaughy was a felon without a valid firearm permit who parked his car outside a particular apartment building. Mr. McGaughy does not allege that bias tainted any of these facts. Moreover, it is nothing more than speculation to suggest that any bias on the part of Officer Cardwell tainted the factual statements attributed to Doe. Doe swore out an affidavit and attested to the veracity of those statements before an Illinois circuit judge. The issuing judge was in a position to assess the credibility and veracity of both persons and to make his probable cause determination with that additional evidence before him. *See United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002) (noting that, whether "the informant personally appeared and presented an affidavit or testified before the magistrate, thus allowing the judge to evaluate the informant's knowledge, demeanor, and sincerity" is an important factor in determining whether probable cause is established

---

[3] (...continued)

> makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause. . . .

*Franks*, 438 U.S. at 155-56; *see also Zambrella v. United States*, 327 F.3d 634, 638 (7th Cir. 2003). We have acknowledged that the same rationale applies to *substantiated* allegations that the affidavit contains intentional or reckless *omissions* of facts, which, if included, would have rendered the affidavit lacking in probable cause. *United States v. Williams*, 737 F.2d 594, 604 & n.6 (7th Cir. 1984). This is not the claim Mr. McGaughy has made, nor the type of remedy he has requested.

on the basis of an informant's tip). Under these circumstances, the bald suggestion of bias is insufficient to establish a factual dispute that is material to the probable cause determination.

We perceive no abuse of discretion on the part of the district court in deciding the constitutionality of the search without first holding an evidentiary hearing. Accordingly, we deny relief to Mr. McGaughy on the basis of the only substantial claim placed before this court.

We note that Mr. McGaughy raises only the absence of an evidentiary hearing to this court. We therefore have no occasion to pass upon the validity of the warrant given the contentions actually pressed on appeal; we express no opinion on the merits of that claim.

**B.  *Apprendi* and the Armed Career Criminal Act**

Finally, Mr. McGaughy submits that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires a jury to have found the fact of his prior convictions, which serve as the predicate for a recidivism enhancement, beyond a reasonable doubt. Mr. McGaughy acknowledges that this court is without authority to decide this issue in his favor because the governing law of the Supreme Court, which this court is bound to follow, states that the fact of a prior conviction *need not* be found by a jury beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 246-47 (1998). *Apprendi* specifically preserved *Almendarez-Torres*, *see* 530 U.S. at 488-90 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). Accordingly, given the govern-

ing precedent, we cannot accept Mr. McGaughy's claim that the failure to submit this issue to the jury constitutes reversible error.

## Conclusion

Accordingly, the judgment of the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*