

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2008

# USA v. Persinger

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4902

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"USA v. Persinger" (2008). *2008 Decisions.* Paper 834.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/834

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4902
_____


UNITED STATES OF AMERICA

v.

ANTONIO PERSINGER,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 06-194-JPF)
District Judge: Honorable John P. Fullam
_____

Submitted Under Third Circuit LAR 34.1(a)
on March 27, 2008

Before:  McKEE, RENDELL, and TASHIMA,* Circuit Judges.

Filed: July 17, 2008
_____

OPINION OF THE COURT
_____

_____

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

TASHIMA, Circuit Judge.

Antonio Persinger appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Prior to trial, Persinger moved to suppress evidence of the firearm as the fruit of an illegal seizure. The district court denied the motion. On appeal, Persinger contends that the district court erred by failing to conduct an evidentiary hearing, make findings of fact, and articulate conclusions of law. He also contends that the statute of conviction is unconstitutional because it represents an invalid exercise of Congress' power under the Commerce Clause of the United States Constitution. *See* U.S. Const. art. I, § 8, cl. 3. We have jurisdiction under 28 U.S.C. § 1291, and we will affirm the judgment of the District Court.

## I.

Because we write for the parties, we recite only those facts necessary to our analysis of the issues presented on appeal. We review the "District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise[] plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). Persinger did not call to the District Court's attention any material factual disputes, nor did he challenge the District Court's understanding of the facts of his seizure.[1] We therefore review for plain error his

---

[1] In order to preserve a claim of error for appeal, a party should generally "inform[] the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). The "objection must be specific enough not only

2

contention that he is entitled to an evidentiary hearing for that purpose. Under this standard, Persinger must show that "(1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error affected [his] substantial rights." *United States v. Hall*, 515 F.3d 186, 194 (3d Cir. 2008) (citation and quotation marks omitted).

Reviewing the record before us, we cannot say that the District Court erred in failing to conduct an evidentiary hearing. The facts laid out in Persinger's memorandum in support of his motion to suppress physical evidence allege that two police officers witnessed a vehicle in which Persinger was a passenger disregard a stop sign. The officers attempted to pull the vehicle over by activating their car's signal lights. Instead of stopping, the vehicle led the officers on a chase, colliding twice with parked cars. When the vehicle came to a stop, the driver exited the vehicle and ran from the scene. One officer followed the driver, and the remaining officer, Officer Sellers, approached the passenger-side door. Officer Sellers ordered Persinger to show his hands, and Persinger complied. Officer Sellers then opened the passenger-side door, and, using a control hold, removed Persinger from the vehicle and placed him face down on the sidewalk. As

---

to put the judge on notice that there is in fact an objection, but to serve notice as to the underlying basis for the objection." *United States v. Russell*, 134 F.3d 171, 179 (3d Cir. 1998). At no point during the July 31, 2006, pretrial colloquy did Persinger specifically request an evidentiary hearing or challenge the District Court's understanding of the relevant facts. Further, the basis of the District Court's ruling was its rejection of Persinger's legal argument that the officer arrested him without having any "conceivable basis for doing so." Having so ruled, the District Court would have no reason to expect that an evidentiary hearing would be necessary, absent some objection by Persinger. We conclude that Persinger failed to preserve his objection.

Officer Sellers was about to handcuff Persinger, he noticed the handgun on the ground. The government's response to Persinger's suppression motion contained only a few factual differences. It added more detail about the chase, noting that the vehicle ran a stop sign, a red traffic light, and then ultimately ended up crashing into a fence. It also stated that Persinger had begun to exit the car before Officer Sellers grabbed him and placed him on the ground.

A district court is not always obligated to conduct an evidentiary hearing in conjunction with a motion to suppress, but need only do so "if the difference in facts is material, that is, only if the disputed fact makes a difference in the outcome." *United States v. Juarez*, 454 F.3d 717, 720 (7th Cir. 2006) (quoting *United States v. Berkowitz,* 927 F.2d 1376, 1385 (7th Cir. 1991)). An evidentiary hearing was not warranted in this case because, even assuming that the differences between Persinger's and the government's accounts of the facts were material, the District Court accepted Persinger's version of events for the purpose of ruling on his motion to suppress. Most importantly, the District Court accepted Persinger's central contention that he was "pulled . . . out of the car." Therefore, the any factual differences between the versions of events related by the parties could not have affected the District Court's ruling.

Persinger also contends that the District Court erred by failing to articulate the legal basis for its denial of his suppression motion. We reject that contention. Persinger fails to cite authority imposing upon the District Court the obligation to articulate the legal basis for its decision in greater detail than it did in this case. Persinger correctly

4

observes that appellate courts have remanded matters to the district court where the reasoning of the district court was indiscernible. *See, e.g.*, *United States v. Ramstad*, 219 F.3d 1263, 1265 (10th Cir. 2000) (remanding where "the district court did not make any findings or otherwise explain the basis for its decision"); *United States v. Williams*, 951 F.2d 1287, 1291 (D.C. Cir. 1991) (remanding where the district court's decision provided "neither essential findings nor legal reasoning"). However, in the cases he cites, it was the district court's failure to resolve factual disputes that made it impossible to consider the legal issues on appeal; those same cases acknowledged that remand would be unnecessary where the record was well-developed. *See Ramstad*, 219 F.3d at 1265 (noting that "remand may be unnecessary where the proceedings below resulted in a record of amply sufficient detail and depth from which the determination may be made") (citation and quotation marks omitted); *Williams*, 951 F.2d at 1288 (distinguishing cases in which "the facts are so certain, and the legal consequences so apparent, that little guesswork is needed to determine the grounds for the ruling"). In contrast, there is no dispute about the material facts in this case. Instead, Persinger's appeal presents a question of law – whether Officer Sellers's seizure of Persinger was reasonable – over which we exercise plenary review. *See, e.g.*, *United States v. Williams*, 413 F.3d 347, 351 (3d Cir. 2005) ("We review de novo the District Court's determination of reasonable suspicion and probable cause, as well as its determination regarding whether [defendant] was seized for purposes of the Fourth Amendment."). We may therefore consider the propriety of the District Court's denial of Persinger's motion to suppress.

5

Persinger does not contest the legality of the initial stop of the vehicle. However, he argues that he should not have been removed from the car and restrained. A police officer may, as a matter of course, order a passenger of a lawfully stopped car to exit his vehicle. *See Maryland v. Wilson*, 519 U.S. 408, 410 (1997). Such passengers may be subject to a brief seizure or search pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), if the circumstances permit. *See United States v. Moorefield*, 111 F.3d 10, 13 (3d Cir. 1997). We have previously upheld a *Terry* stop and frisk of a passenger when "specific and articulable facts which, taken together with rational inferences from those facts," reasonably warranted it. *Moorefield*, 111 F.3d at 14 (quoting *Terry*, 392 U.S. at 21). The facts surrounding the chase of Persinger's vehicle clearly gave rise to suspicion that Persinger might have been involved in wrongdoing, such that a brief detention for questioning was justified. When conducting an investigative stop, police officers "may take such steps as are reasonably necessary to protect their personal safety and to maintain the status quo during the course of the stop." *United States v. Edwards*, 53 F.3d 616, 619 (3d Cir. 1995) (citation and quotation marks omitted). *See also Haynie v. County of L.A.*, 339 F.3d 1071, 1077 (9th Cir. 2003) (holding that handcuffing a person and detaining him in the rear of a patrol car was a reasonable *Terry* stop, and not an arrest, where the restraint was necessary for the officer to safely complete his investigation). Given that Officer Sellers remained behind by himself while his partner gave chase to the driver on foot, following a vehicle chase in which the offending vehicle collided with several cars before crashing to a stop, it was reasonable for him to place

6

Persinger on the ground in order to question him safely. We therefore hold that the District Court did not err in denying Persinger's motion to suppress.[2]

## II.

Persinger also contends that the statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional because it criminalizes conduct that does not have a substantial effect upon interstate commerce, and thus does not constitute a valid exercise of Congress' Commerce Clause authority. We have previously rejected this contention, *see United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001), and are bound to respect it absent en banc consideration, *see id.* at 204.

## III.

For the reasons stated above, we will AFFIRM the judgment of the District Court.

---

[2] We find unpersuasive Persinger's contention that the district court found that he was arrested when Officer Sellers removed him from the vehicle. Whether a *Terry* stop transforms into an arrest is not a fact, but a question of law requiring an analysis of the reasonableness of the intrusion. *See Baker v. Monroe Twp.*, 50 F.3d 1186, 1192 (3d Cir. 1995). Even accepting the contention that the district court perceived the seizure at issue to be an arrest, we could disagree when conducting our plenary review. Moreover, we may affirm the denial of a suppression motion on any ground supported by the record. *See United States v. Agnew*, 407 F.3d 193, 196 (3d Cir. 2005).